IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **J.P., A MINOR, ET AL.**, § § § Plaintiffs, § § v. § Case No. 2:23-cv-00015-AM-VRG § **THE UVALDE CONSOLIDATED** § **INDEPENDENT SCHOOL DISTRICT, ET AL.** § § *Defendants*. § | |

**DEFENDANT SHERIFF RUBEN NOLASCO'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(1) and (6)**

TO THE HONORABLE CHIEF UNITED STATES JUDGE ALIA MOSES:

NOW COMES **SHERIFF RUBEN NOLASCO**, Individually and in His Official Capacity, Defendant in the above entitled and numbered cause, and pursuant to Rule 12(b)(1) and 12(b)(6) FEDERAL RULES OF CIVIL PROCEDURE files this his Motion to Dismiss Plaintiffs' Amended Class Action Complaint heretofore filed and in support thereof would respectfully show unto the Court the following:

**I.**

The case at bar concerns the Uvalde County tragedy which occurred at the Robb Elementary School on May 24, 2022. This calamity which resulted in 21 fatalities and numerous other injuries was perpetrated by 18 year old Salvadore Ramos.

Plaintiffs' Class Action lawsuit are students who attended Robb Elementary School on the date in question, the students who were in attendance, parents, teachers and support staff against several governmental defendants, one of which is Defendant Sheriff Ruben Nolsaco, in his

individual and official capacity. Plaintiffs' allegations against Sheriff Nolasco allege violations of their constitutional rights under 42 U.S.C. §1983 under the "State Created Danger Theory." To the extent that Sheriff is sued in his Official Capacity, this is the same legal ramification as suing Uvalde County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendant Sheriff Nolasco's Motion to Dismiss will address both his individual and official capacities.

## II.
## PARTIES TO THE LITIGATION

Plaintiff Student Class Representative **J.P.**'s parents, **Daniel** and **Crystal P.**, are suing Defendants on **J.P.**'s behalf, and **J.P.**, a minor, is suing Defendants on behalf of the class of students who were on the premises of Robb Elementary on May 24, 2022, which includes Plaintiffs (collectively referred to as "Students") as follows:

- **Z.R.**, a minor;
- **J.S.**, a minor;
- **M.C.**, a minor;
- **I.R.**, a minor;
- **L.R.**, a minor;
- **Z.A.**, a minor;
- **M.T.**, a minor;
- **B.G.** and brother **F.G.**, minors;
- **J.L.**, a minor,
- **J.D.**, a minor;
- **F.L.**, a minor;
- **A.P.**, a minor;
- **A.L.**, a minor;
- **D.J.Q.**, a minor;
- **J.P.**, a minor;
- **T.G.**, a minor;
- **R.F.**, a minor;
- **N.S.**, a minor;
- **A.L.A.T.**, a minor;
- **G.D.G.R.**, a minor;
- **J.M.**, a minor;

- **M.D.E.**, a minor;
- **A.R.**, a minor;
- **J.A.M.**, a minor;
- **M.C.A.**, a minor;
- **A.G.**, a minor;
- **M.C.**, a minor;
- **A.M.**, a minor; and
- **A.V.** and sister **G.E.**, minors.

Plaintiff Parent Class Representatives **Andrea V.**, parent of **A.V.**, and **G.E.**, is suing Defendants on behalf of herself, **A.V.**, and the putative class of parents of children who were in attendance at Robb Elementary on May 24, 2022, which includes Plaintiffs (collectively referred to as "Parents") as follows:

- **Corina R.**, parent and legal guardian of **Z.R.**;
- **Jennifer C.**, parent and legal guardian of **J.S.**;
- **Jasmine C.**, parent and legal guardian of **M.C.**;
- **George** and **Alma R.**, parents and legal guardians of **L.R.**;
- **Frank R.** and **Luciene A.**, parents and legal guardians of **L.R.**;
- **Esther** V. and **Luis A.**, parents and legal guardians of **Z.A.**;
- **Louanna R.**, parent and legal guardian of **M.T.**;
- **Beatrice T.**, parent and legal guardian of **B.G.** and **F.G.**;
- **Ashley L.**, parent and legal guardian of **J.L.**;
- **Sandra V.**, parent and legal guardian of **J.D.**;
- **Virginia G.**, parent and legal guardian of **F.L.**;
- **Roman P.** and **Aracely P.**, parents and legal guardians of **A.P.**;
- **Crystal G.**, parent and legal guardian of **A.L.**;
- **Manuel** and **Yvette Q.**, parents and legal guardians of **D.J.Q.**;
- **Jasmin P.**, parent and legal guardian of **J.P.**;
- **Jackie G.**, parent and legal guardian of **T.G.**;
- **Monica O.**, parent and legal guardian of **R.F.**;
- **Alieta P.**, parent and legal guardian of **N.S.**, and **Maria P.**, grandmother of **N.S.**;
- **Cassandra B.**, parent and legal guardian of **A.L.A.T.**;
- **Cynthia R.**, parent and legal guardian of **G.D.G.R.**;
- **Sandra M.** and **Martin M.**, parents and legal guardians of **J.M.**;
- **Tanama J.E**. and **Bernard E.**, grandparents and legal guardians of **M.D.E.**;
- **Debora Q.**, parent and legal guardian of **A.R.**;

- **Leticia M.** and **Mike M.**, parents and legal guardians of **J.A.M.**;
- **Monica H.**, parent and legal guardian of **M.C.A.**;
- **Selena T.**, parent and legal guardian of **A.G.**;
- **Marisa S.**, parent and legal guardian of **M.C.**; and
- **Aiko C.**, parent and legal guardian of **A.M.**.

Plaintiff Teacher Class Representative, **Esther V.**, a teacher assistant at Robb Elementary, is suing Defendants on behalf of herself and the putative class of teachers employed by CISD who were on the premises of Robb Elementary on May 24, 2022.[1] Plaintiff Support Staff Class Representative, **Sylvia U.**, a bus driver, is suing Defendants on behalf of herself and the putative class of support staff on the premises of Robb Elementary on May 24, 2022, which includes **Maria G.-R.**, a bus driver; and **Vanessa G.**, also a bus driver (collectively Support Staff).

Plaintiff **Albert V.** is suing Defendants on behalf of himself.

### III.
### STATEMENT OF THE ISSUES

1. The Parents lack Article III standing to bring their federal claims and must be dismissed.

2. Plaintiffs have failed to state a plausible cause of action under 42 U.S.C. §1983 under Substantive Due Process for State Created Danger;

3. Defendant SHERIFF NOLASCO is entitled to qualified immunity for all of Plaintiffs' claims.

### IV.
### STANDARD OF REVIEW

A.  **Rule 12(b)(l).**

Federal Rule of Civil Procedure 12(b)(l) allows a party to challenge the Court's exercise of subject matter jurisdiction over a case. ***Den Norske Stats Oljeselskap As v. Heeremac VOF***, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter

---

[1] Other than **Esther V.**, there are no additional Teacher-Plaintiffs identified in the Amended Complaint.

jurisdiction, a court evaluates (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The court must accept all factual allegations in the plaintiffs complaint as true, and the burden of establishing a federal court's subject matter jurisdiction rests with "the party seeking to invoke it." ***Hartford Ins. Group v. Lou-Con, Inc.***, 293 F.3d 908, 910 (5th Cir. 2002).

B.  Rule 12(b)(6).

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief may be granted. Review is limited to the contents of the complaint and matters properly subject to judicial notice. In analyzing a motion to dismiss for failure to state a claim, the court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). The plaintiff must do more than recite the formalistic elements of a cause of action. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 556 (2007). The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions and courts are not bound to accept as true a legal conclusion couched as a factual allegation. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead specific facts, not merely conclusory allegations. When a complaint fails to adequately state

a claim such deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 558 (2007).

## V.
## STANDING

Defendant **SHERIFF NOLASCO** asserts that the parents **Esther V.** and **Albert V**. lack Article III standing to bring a cause of action under 42 U.S.C. §1983. To meet Article III standing requirement, a plaintiff must show:

(1) an injury in fact that is concrete and particularized and actual or imminent;

(2) a casual connection between the injury and the conduct complained of; and,

(3) the likelihood that a favorable decision will redress the injury.

***Croft v. Governor of Texas***, 562 F.3d 735,745 (5th Cir. 2009)(citing ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560 (1992)). Defendant **SHERIFF NOLASCO** asserts that Plaintiffs (parents) have no standing to sue for alleged acts or omissions that do not infringe upon a legally recognized right belonging to them. Defendant asserts that parents have no civil right to pursue an action pursuant to 42 U.S.C. §1983 for injuries to their child. *See* ***Landry v. Cypress Fairbanks Indep. Sch. District,*** 1018 WL3436971 @*3 (S.D. Tex. July 17, 2018). Defendant **SHERIFF NOLASCO** further asserts that there is no casual connection between the injury and the conduct complained of. The actions of Salvador Ramos was the sole cause of the incident in question.

## VI.
## STATE CREATED DANGER

Defendant **SHERIFF NOLASCO**, in his official capacity, asserts that municipal liability under Section 1983 may not be predicated under Respondeat Superior. ***Piotrowski v. City of Houston***, 237 F.3d 567, 578 (5th Cir. 2001). Governmental entities such as the Uvalde County can be found

liable under 42 U.S.C. §1983 only where the governmental entity causes the constitutional violation at issue. **Monell v. Dept. of Soc. Servs**, 436 U.S. 658, 694 (1978).

There are three ways to establish municipal liability under Section 1983:

"*First, a plaintiff must show written policy statements, ordinances, or regulations. Second, a plaintiff can show a widespread practice that is so common and well settled as to constitute a custom that fairly represents municipal policy. Third, even a single decision may constitute municipal policy in rare circumstances when the official or entity possessing final policy making authority for an action performs the specific act that forms the basis of the Section 1983 claim.*

**Vardeman v. City of Houston**, 59 F.4th 1045, 1052 (5th Cir. 2022); **Webb v. Town of Saint Joseph**, 925 F.3d 209, 214 (5th Cir. 2019). Defendant SHERIFF NOLASCO asserts that Plaintiffs' allegations, specifically allegations found in Paragraph 93, fail to state a cause of action under 42 U.S.C. §1983 for substantive due process of state created danger. The point of initial analysis, the Ffith Circuit has never recognized the state created danger exception. **Fischer v. Moore**, 63 F.4th 912, 916 (5th Cir. 2023). Even assuming that the state created danger theory existed, Plaintiffs still have failed to allege a substantive due process right under Section 1983, as a matter of law.

In **DeShaney v. Winnebago County Dept. of Social Services**, 489 U.S. 189 (1989), the Supreme Court addressed the state created danger theory. The case arose out of a tragic case of a young Joshua DeShaney, who had been placed in state custody after the Winnebago County Department of Social Services suspected his father of child abuse. The agency subsequently returned Joshua to his home after finding insufficient evidence of abuse. Once at home, Joshua continued to endure beatings from his father and was ultimately left with severe brain damage. Joshua DeShaney and his mother sued Winnebago County Department of Social Services and various defendants alleging that the department and its employees had violated Joshua's substantive due process right by failing to protect him from his father's violence. The Supreme

Court rejected this claim and held that the plaintiffs could not maintain an action under Section 1983 because there had been no constitutional violation. *Id*. at 202. The Court noted that the Fourteenth Amendment was enacted to protect people from the state, not to ensure that the state protect them from each other. *Id*. at 196. The Court reasoned that the due process clause forbids the state itself to deprive individuals of life, liberty or property without the due process of law but its language cannot fairly be extended to impose an affirmative obligation on the state to ensure that those interests do not come to harm through other means. Ultimately, the Court concluded that the state's failure to protect an individual against private violence, simply does not constitute a violation of the due process clause. *Id*. at 197. Defendant **SHERIFF NOLASCO** asserts that Plaintiffs' claims against him in his official capacity fail, as a matter of law. ***DeShaney v. Winnebago County Dept. of Social Services***, 489 U.S. 189, 197 (1989); ***Doe Ex. Rel. Magee v. Covington County School Dist. Ex. Rel. Keys,*** 675 F.3d 849, 858 (5th Cir. 2012); ***McClendon v. City of Columbia***, 305 F.3d 314, 324 (5th Cir. 2002).

## VIII.
## SHERIFF NOLASCO INDIVIDUALLY

Defendant **SHERIFF NOLASCO** in his individual capacity asserts his entitlement to qualified immunity for all of Plaintiffs' claims. The doctrine of qualified immunity protects public officials from suit and liability for all Plaintiffs claims. The Doctrine of Qualified Immunity protects public officials from suit and liability for damages under Section 1983 unless their conduct violates a clearly established constitutional rights. ***Mace v. City of Palestine***, 333 F.3d 621, 623 (5th Cir. 2003). The qualified immunity analysis is a two-step analysis;

(1) was the statutory or constitutional right violated on the facts alleged;

(2) did the defendant's actions violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id*. at 624.

The second prong of the qualified immunity analysis is better understood as encompassing two separate inquiries:

(a) whether the allegedly violated constitutional right was so clearly established at the time of the incident; and, if so,

(b) whether the conduct of the defendant was objectively unreasonable in light of clearly established law. ***Tarver v. City of Edna***, 410 F.3d 745, 750 (5th Cir. 2005).

An officer cannot be said to have violated a clearly established right, unless the rights contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. ***Plumhoff v. Ricard***, 572 U.S. 765, 778 (2014). If Officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. ***Tarver v. City of Edna***, 410 F.3d 745, 750 (2005). Clearly established law is determined by controlling authority – or a robust consequences of pervasive authority – that defines the contours of the right in question with a high degree of particularity. ***Clarkston v. White***, 943 F.3d 988, 993 (5th Cir. 2019).

Qualified immunity is designed to protect from civil liability "*all but the plainly incompetent or those who knowingly violate the law.*" ***Mally v. Briggs***, 475 U.S. 335, 341 (1986). While the law does not require a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate. ***Ashcroft v. al-Kidd***, 563 U.S. 731, 741 (2011). In the case at bar, Sheriff Nolasco asserts that "*state created danger*" theory under 42 U.S.C. §1983 has never been recognized in the Fifth Circuit. ***Fischer v. Moore***, 62 F.4th 912, 916 (5th Cir. 2023). **SHERIFF NOLASCO** asserts his entitlement to qualified immunity under both prongs of the qualified immunity analysis. **SHERIFF NOLASCO**'s actions alleged in Plaintiffs' Amended Complaint failed to state a constitutional violation, under Section 1983, as a matter of law. In any event, since "*state

*created danger*" has never been recognized in the Fifth Circuit to date, **SHERIFF NOLASCO** could not have violated clearly established law, as a matter of law.  ***Fischer v. Moore***, 62 F.4th 912, 919 (5th Cir. 2023).

**WHEREFORE, PREMISES CONSIDERED** Defendant **SHERIFF NOLASCO** prays that his Motion to Dismiss be in all things granted and for such other and further relief as he may show himself justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas  78205
(210) 271-7877
(210) 271-0602 Telefax

BY: //s// Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN:  07477500
    csf@frigeriolawfirm.com
    firm@frigeriolawfirm.com

    HECTOR X. SAENZ
    SBN: 17514850

- AND -

**WRIGHT & GREENHILL, P.C.**
Blair J. Leake
State Bar No. 24081630
bleake@w-g.com
Stephen B. Barron
State Bar No. 24109619
sbarron@w-g.com
4700 Mueller Blvd., Suite 200
Austin, Texas  78723
(512) 476-4600
(512) 476-5382 – Fax

**ATTORNEYS FOR DEFENDANT
UVALDE COUNTY, UVALDE COUNTY SHERIFF RUBEN NOLASCO**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of July, 2023, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service/E-Mail, in accordance with the Federal Rules of Civil Procedure.

                                                  //s// Charles S. Frigerio
                                                  Charles Frigerio