**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **J.P., a minor by and through Guardian Ad Litem, CRYSTAL P. and DANIEL P., individually and on behalf of a class of all similarly situated students, et al** § § § § § | | |
| *Plaintiffs,* § | Civil Action No. 2:23-cv-15-AM | |
| § | | |
| **vs.** § | | |
| § | | |
| **The Uvalde Consolidated Independent School District ("UCISD"), et al** § § | | |
| *Defendants.* § | | |

**DEFENDANT PEDRO "PETE" ARREDONDO'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE AND, ALTERNATIVELY,
REPLY ON MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Pedro "Pete" Arredondo files this response to Plaintiffs' Motion for Leave [Doc. 85] and, alternatively, reply in support of his Motion to Dismiss [Doc. 66] the claims brought against him in Plaintiffs' First Amended Complaint. In support thereof, Arredondo respectfully shows as follows:

**SUMMARY**

Plaintiffs have failed to meet their burden to establish excusable neglect for filing a response to Defendant Arredondo's motion to dismiss seven months after the motion was filed. Furthermore, the proposed response to the motion to dismiss abandons several claims against Defendant Arredondo, including Plaintiffs' claim for punitive damages. Plaintiffs also misstate the law because the special-relationship theory does not apply in the context of this case and the Fifth Circuit has never recognized the state-created danger theory of liability. Accordingly, Defendant Arredondo is entitled to qualified immunity and Plaintiffs' claims should be dismissed.

## PROCEDURAL BACKGROUND

On November 29, 2022, Plaintiffs filed their Original Complaint naming Defendant Arredondo.

On February 22, 2023, Plaintiffs filed their Amended Complaint.

On June 20, 2023, the Court ordered Plaintiffs to serve all Defendants within 14 days.

On July 10, 2023, Plaintiffs filed proof of service for several Defendants. The seven individual Defendants served were J.J. Suarez, Javier Martinez, Donald Page, Louis Landry, Daniel Coronado, Eduardo Canales, and Ruben Nolasco. No proof of service for Defendant Arredondo was included.

On July 18, 2023, the Court ordered Plaintiffs to appear on August 1, 2023, because Plaintiffs had repeatedly failed to serve Defendants without any showing of good cause.

On December 1, 2023, Defendant Arredondo timely filed his motion to dismiss Plaintiff's Amended Complaint, having been served outside the time ordered by the Court.

Plaintiffs filed no response to Defendant Arredondo's motion to dismiss.

On July 25, 2024, Plaintiffs filed a motion for leave to file a response to Defendant Arredondo's motion to dismiss asserting that Plaintiffs' counsel had good cause and acted in good faith because support staff informed counsel for Plaintiffs that no response had been filed to the motion as of July 20, 2024—some 7 months after the motion was filed.

## ARGUMENT AND AUTHORITIES

**A. Plaintiffs' Motion for Leave to File Response Should be Denied.**

Plaintiffs assert that they have excusable neglect for failing to file their response to Arredondo's motion to dismiss within the required fourteen days. What constitutes excusable neglect is a matter of equity, for it is an "elastic concept." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507

U.S. 380, 392 (1993)). Mere "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,'" but courts are nevertheless allocated authority to permit such late filings. *Skyward Energy v. Clipper Windpower Dev.*, No. MO:18-CV-235-DC, 2019 WL 12117036, at *2 (W.D. Tex. Mar. 27, 2019) (quoting *Pioneer*, 507 U.S. at 389, 392). The excusable neglect framework typically involves the consideration of four factors: "the danger of prejudice to the opposing party, the length and impact of the delay, the reason for the delay, and the moving party's good faith." *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014).

Again, Plaintiffs delayed serving the Defendants in this matter to such an extent that the Court had to intervene. The Court ordered Plaintiffs to serve Defendant Arredondo no later than July 4, 2023. Plaintiffs assert, citing to Doc. 29, that Plaintiffs served Defendant Arredondo "on or about July 10, 2023." Doc. 85 at 2. However, there is no proof of service on Defendant Arredondo in Document 29. Although Plaintiffs have never provided proof of service on Defendant Arredondo, Defendant Arredondo received a copy of Plaintiffs' Complaint on or about November 10, 2023. Defendant Arredondo is not sure this process was proper, but out of an abundance of caution, timely filed his motion to dismiss on December 1, 2023. Seven months later, Plaintiffs seek to respond to the motion to dismiss.

Plaintiffs' lack of response to Defendant Arredondo's motion to dismiss constitutes an abandonment. "A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues at the district court level." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (affirming that a plaintiff's failure to "defend" her claims against arguments raised in "the defendant's motion to dismiss ... constituted abandonment" of those claims). Further, a party's failure to oppose a motion in the manner prescribed by rule creates

a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. *Frase v. McCormick*, No. 5:19-CV-139, 2020 WL 5665097, at *1 (E.D. Tex. Aug. 17, 2020) ("Plaintiff did not file a response to the motion to dismiss and has thus abandoned his claims"); *Thymes v. Gillman Cos.*, No. H-17-2834, 2018 WL 3025045, at *2 (S.D. Tex. Jun. 18, 2018) (finding that a plaintiff's failure to respond to a defendant's motion to dismiss permitted the court to "dismiss the claims as abandoned."). Furthermore, the movant has the burden to prove excusable neglect.

Contrary to Plaintiffs' arguments, there is evidence in the record that the Court has repeatedly warned Plaintiffs to diligently prosecute this matter. Plaintiffs have failed to do so despite the Court's repeated warnings. Defendant Arredondo is prejudiced by the Court allowing the delayed response because Plaintiffs abandoned their claims and waived any response. Plaintiffs provide no legitimate reason for their delay other than they were busy with other matters. This rings especially hollow given that the Court had admonished Plaintiffs to pay more attention to this matter on several occasions. Finally, Plaintiffs fail to show that they acted in good faith. Instead, Plaintiffs cite to a document as demonstrating that Defendant Arredondo was served on July 10, 2023, when the document does not show proof of service on Defendant Arredondo. Therefore, Plaintiffs motion for leave to file a response to Defendant Arredondo's motion to dismiss should be denied.

**B.    Plaintiffs Abandoned Multiple Claims Against Arredondo.**

Defendant Arredondo asserted under Rule 12(b)(1) that Plaintiff Parents lacked standing to bring individual claims under §1983 based upon alleged deprivations of a child's constitutional rights. Doc. 66 at 8 (citing *Martinez v. Maverick County*, 507 Fed. App'x 446, 448 n.1 (5th Cir. 2013) (family members of the injured plaintiff "failed to establish standing by not putting forth facts implicating a right of recovery separate from the alleged violations of [the injured plaintiff's]

personal rights")). Plaintiffs make no attempt to address this issue in their reply. Accordingly, Plaintiffs have abandoned the Parents' individual claims.

Likewise, Plaintiffs fail to address Defendant Arredondo's arguments that the official capacity claims against Defendant Arredondo should be dismissed as redundant. Doc. 66 at 7. Accordingly, Plaintiffs claims against Defendant Arredondo in his official capacity have been abandoned and should be dismissed.

Defendant Arredondo also moved to dismiss Plaintiffs' punitive damages against him. Specifically, Defendant Arredondo asserted that the alleged conduct "does not demonstrate evil motive or intent and does not rise to the level of reckless or callous indifference to Plaintiffs' Constitutional rights." Plaintiffs fail to rebut Defendant Arredondo's argument that Plaintiffs have not alleged sufficient facts to demonstrate any entitlement to punitive damages against Defendant Arredondo. Consequently, Plaintiffs' punitive damages claims are abandoned and should be dismissed. *See Texas Cap. Bank N.A. v. Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017); *Escamilla v. ADT, LLC*, No. SA-23-cv-01037-JKP, 2024 WL 2807028, *3 (W.D. Tex. May 30, 2024); *Weaver v. Basic Energy Serv., L.P.*, No. MO-13-cv-022, 2014 WL 12513180, *2 (W.D. Tex. Jan. 8, 2014).

    C. **Plaintiffs' Contention that Qualified Immunity "Does Not Exist" is a Misstatement of the Law.**

Plaintiffs assert that, in a concurring opinion, a single Fifth Circuit judge abrogated qualified immunity. Doc. 86 at 9 (citing *Rogers v. Jarrett*, 63 F.4th 971, 979 (5th Cir.), *cert. denied*, -- U.S. --, 144 S. Ct. 193 (2003) (Willet, J., concurring). However, as Judge Willett observed, no matter how "seismic the implications, as middle-management circuit judges, [the Fifth Circuit] cannot overrule the Supreme Court" and "only that Court can definitively grapple with Section 1983's enacted text and decide whether it means what it says—and what, if anything, that means

for Section 1983 immunity jurisprudence." *Id.* at 981. Plaintiffs' assertion is a plain misstatement of the law.

As a Fifth Circuit panel held a week before Plaintiffs filed their response, "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Springs-Hutchinson v. City of Austin*, No. 23-50471, 2024 WL 3451890, *2 (5th Cir. July 18, 2024) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is the law—it exists. Plaintiff's reliance on dicta from a concurring opinion is misplaced. If the Fifth Circuit cannot "definitively grapple" with Section 1983's text in a way that runs contrary to Fifth Circuit and Supreme Court precedent, this court certainly should not indulge Plaintiffs' invitation to in this case.

Accordingly, to defeat qualified immunity, Plaintiffs must show: (1) that Defendant Arredondo violated a statutory or constitutional right; and (2) that the right was clearly established at the time of the challenged conduct, in the specific context of the case. *Scott v. Harris*, 550 U.S. 372, 377 (2007). Defendant Arredondo's motion to dismiss should be granted because Plaintiffs make no attempt to engage Defendant Arredondo's argument that Plaintiffs' Fourth Amendment claims lack sufficient factual detail and that Plaintiffs' allegations are a laundry list of "what ifs." Instead, Plaintiffs limit their arguments to claims that the special relationship theory of liability and state-created danger theory are viable in this case.

**D. Plaintiffs' Special-Relationship Claims are Not Recognized in the Fifth Circuit and, Therefore, are Not Clearly Established Law Defeating Qualified Immunity.**

Plaintiffs assert that there is a special relationship between the person and the state "when this person is involuntarily confined against his will through the affirmative exercise of state power." Doc. 86 at 12 (citing *Walton v. Alexander*, 44 F.3d 1297, 1306 (5th Cir. 1995)). In *Walton*,

the Fifth Circuit concluded that even though the school was a residential school, and thus responsible for fulfilling most of the students' day-to-day needs, the school had not created a special relationship with the student. *Id.* at 1305. The Fifth Circuit reasoned that "[s]uch an expansion of the state's liability for acts of third parties only can make constitutional sense ... when the state has effectively taken the plaintiff's liberty under terms that provide no realistic means of voluntarily terminating the state's custody *and* which thus deprives the plaintiff of the ability or opportunity to provide for his own care and safety." *Id.* (emphasis in original). It is only under these "extreme circumstances that the state itself, by its affirmative act and pursuant to its own will, has effectively used its power to force a 'special relationship,' with respect to which it assumes a certain liability." *Id.* In other words, the state might have a special relationship with an inmate, but the state does not have a special relationship with a student—even a student in a residential school where the state cares for the students' day-to-day needs. Therefore, no special relationship exists in this case.

Even if Plaintiff could show that a special relationship was created in this context, Plaintiffs cannot show that such a relationship was clearly established law to defeat Defendant Arredondo's entitlement to qualified immunity. The Fifth Circuit has emphatically and categorically rejected the special-relationship theory in the public-school context. *Doe v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 857 (5th Cir. 2012) (en banc) ("We reaffirm, then, decades of binding precedent: a public school does not have a *DeShaney* special relationship with its students requiring the school to ensure the students' safety from private actors."); *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 522, 529 (5th Cir. 1994) (finding no special relationship between a high school and a student fatally wounded by a gunshot fired in the school parking lot after a school dance); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 199, 202-03 (5th Cir. 1994) (finding no special

relationship between a high school and a student shot and killed in the school hallway during the school day by a boy who was not a student but had gained access to the school); *Doe v. San Antonio Indep. Sch. Dist.*, 197 Fed. App'x 296, 298-301 (5th Cir. 2006); *Teague v. Tex. City Indep. Sch. Dist.*, 185 Fed. App'x 355, 357 (5th Cir. 2006). Accordingly, Plaintiffs' claims cannot rest on the special-relationship theory, as it has been categorically rejected and, thus, cannot defeat Arredondo's entitlement to qualified immunity. *See Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1096 (5th Cir. 2022). The Special Relationship theory is not clearly established law in the context of public schools and school law enforcement. Arredondo is, therefore, entitled to qualified immunity.

### E. Plaintiffs' Contention that the Fifth Circuit has "Repeatedly 'Recognized' the State-Created Danger Theory" is a Misstatement of the Law.

Plaintiffs assert that the Fifth Circuit has "repeatedly recognized" the state-created danger theory. Doc. 86 at 13. But Plaintiffs are just plain wrong. The Fifth Circuit recently reaffirmed that "the Fifth Circuit has never recognized th[e] 'state-created-danger exception.'" *Fisher v. Moore*, 62 F. 4th 912, 916 (5th Cir. 2023).

In *Fisher*, the Fifth Circuit reiterated that "[t]his circuit has never adopted a state-created danger exception to the sweeping 'no duty to protect' rule. And a *never*-established right cannot be a *clearly* established one." *Id.*; *see also Walker v. Livingston*, 381 Fed. App'x 477, 479-80 (5th Cir. 2010) ("[T]his court has held that the state created danger theory is 'not clearly established law within this circuit such that a § 1983 claim based on this theory could be sustained'"). The *Fisher* court went on to explain that "[i]n our published, and thus binding, caselaw, '[w]e have repeatedly declined to recognize the state-created danger doctrine.'" *Fisher*, 62 F.4th at 916. Plaintiffs' claim that the Fifth Circuit has recognized the state-created danger doctrine is wrong.

To the extent that Plaintiffs could establish all the elements of state-created danger liability (which they cannot), the law is still not clearly established. Therefore, Defendant Arredondo is entitled to qualified immunity from Plaintiffs' claim based upon the state-created danger theory.

### F. The Court Should Deny Plaintiffs Any Further Opportunity to Amend.

Plaintiffs have already amended their pleadings. They have had an opportunity to plead their best case against Defendant Arredondo and failed to articulate a viable legal theory that defeats Defendant Arredondo's entitlement to qualified immunity. Plaintiffs' request for leave to file yet another amended complaint should be denied and the claims against Defendant Arredondo should be dismissed with prejudice. *Carter v. Hill*, No. 4:23-cv-01183-P, 2024 WL 947462, *2 (N.D. Tex. Mar. 5, 2024) (citing *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999). Plaintiffs fail to explain how another opportunity to amend would allow them to plead viable legal theories against Defendant Arrendondo that would enable them to overcome his entitlement to qualified immunity.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Pedro "Pete" Arredondo prays that the Court deny Plaintiffs leave to file a response to Defendant Arredondo's motion to dismiss and, alternatively, grant Defendant Arredondo's motion to dismiss Plaintiffs' claims against him for lack of jurisdiction, under Federal Rule of Civil Procedure 12(b)(1) and for failure to state claims upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), that the Court recognize that Arredondo is entitled to qualified immunity from Plaintiffs' claims, and that all of Plaintiffs' causes of action against Defendant Arredondo be dismissed, with prejudice to the refiling of same. Defendant further prays that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied; and that Defendant recover all costs of suit; as well as for such

other and further relief, both general and special, at law or in equity, to which Defendant may show himself to be justly entitled.

Respectfully submitted,

/s/ *Christopher D. Livingston*
**THOMAS P. BRANDT**
  State Bar No. 02883500
**LAURA O'LEARY**
  State Bar No. 24072262
**CHRISTOPHER D. LIVINGSTON**
  State Bar No. 24007559

**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**
A Professional Corporation
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
tbrandt@fhmbk.com
loleary@fhmbk.com
clivingston@fhmbk.com

**ATTORNEYS FOR DEFENDANT
PEDRO "PETE" ARREDONDO**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2024, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

/s/ *Christopher D. Livingston*
**CHRISTOPHER D. LIVINGSTON**